# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: February 16, 2024

* * * * * * * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| WILLIE IVORY RANCE, | * | PUBLISHED |
| | * | |
| Petitioner, | * | No. 18-222V |
| | * | |
| v. | * | Special Master Nora Beth Dorsey |
| | * | |
| SECRETARY OF HEALTH | * | Damages Award; Influenza ("Flu") Vaccine; |
| AND HUMAN SERVICES, | * | Shoulder Injury Related to Vaccine |
| | * | Administration ("SIRVA"). |
| Respondent. | * | |
| | * | |

* * * * * * * * * * * * * * * * * * * * * * * * *

<u>Leah VaSahnja Durant</u>, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
<u>Meghan Murphy</u>, U.S. Department of Justice, Washington, DC, for Respondent.

## **DECISION AWARDING DAMAGES BASED ON PROFFER**[1]

On February 13, 2018, Willie Ivory Rance ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Act" or "the Program"), 42 U.S.C. § 300aa-10 <u>et seq.</u> (2018).[2] Petitioner alleged that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination administered on September 9, 2013. Petition at 1 (ECF No. 1). On September 11, 2023, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Sept. 11, 2023 (ECF No. 85).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to -34 (2018). All citations in this Decision to individual sections of the Vaccine Act are to 42 U.S.C. § 300aa.

On February 16, 2024, Respondent filed a Proffer on Award of Compensation ("Proffer"), attached hereto as Appendix A. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. Proffer at 2. Based on the record as a whole, the undersigned finds that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, the undersigned awards Petitioner:

**(1) A lump sum payment of $30,000.00, representing compensation for pain and suffering, in the form of a check payable to Petitioner, Willie Ivory Rance.**

Proffer at 2. This amount represents all elements of compensation to which Petitioner is entitled under § 15(a). Id.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** herewith.[3]

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| WILLIE IVORY RANCE, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 18-222V |
| v. ) | Special Master Dorsey |
| ) | ECF |
| SECRETARY OF HEALTH ) | |
| AND HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

On February 13, 2018, Willie Ivory Rance ("petitioner") filed a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34 ("Vaccine Act" or "Act"), as amended. The petition alleges that as a result of receiving an influenza ("flu") vaccination on September 9, 2013, petitioner suffered from a left shoulder injury related to vaccine administration ("SIRVA"). *See* Petition at 1. On June 10, 2019, the Secretary of Health and Human Services ("respondent") filed a Rule 4(c) Report indicating that this case was not appropriate for compensation under the terms of the Act. ECF No. 22. The parties subsequently submitted briefs on entitlement, and on September 11, 2023, Special Master Dorsey issued a Ruling on Entitlement finding petitioner entitled to compensation.[1] ECF No. 85.

---

[1] Respondent has no objection to the amount of the proffered award of damages set forth herein. Assuming Special Master Dorsey issues a damages decision in conformity with this proffer, respondent waives his right to seek review of such damages decision. However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's September 11, 2023 entitlement decision.

I.  **Items of Compensation**

A.  <u>Pain and Suffering</u>

Respondent proffers that petitioner should be awarded $30,000.00 in pain and suffering. *See* 42 U.S.C. § 300aa-15(a)(4). This amount represents all elements of compensation to which petitioner is entitled under 42 U.S.C. § 300aa-15(a). Petitioner agrees.

II.  **Form of the Award**

Petitioner is a competent adult. Evidence of guardianship is not required in this case. Respondent recommends that the compensation provided to petitioner should be made through a lump sum payment as described below and requests that Special Master Dorsey's decision and the Court's judgment award the following[2]: a lump sum payment of $30,000.00, in the form of a check payable to petitioner.

III.  **Summary of Recommended Payment Following Judgment**

Lump sum payable to petitioner, Willie Ivory Rance:    **$30,000.00**

---

[2] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future, unreimbursed expenses, future lost earnings and future pain and suffering.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

COLLEEN C. HARTLEY
Assistant Director
Torts Branch, Civil Division

/s/ *Meghan R. Murphy*
MEGHAN R. MURPHY
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Tel: (202) 616-4264
meghan.r.murphy@usdoj.gov

DATED: February 16, 2024