# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: November 22, 2024

```
* * * * * * * * * * * * * * * * *
WILLIE IVORY RANCE,                *        UNPUBLISHED
                                   *
            Petitioner,            *        No. 18-222V
                                   *
v.                                 *        Special Master Dorsey
                                   *
SECRETARY OF HEALTH                *        Attorneys' Fees and Costs.
AND HUMAN SERVICES,                *
                                   *
            Respondent.            *
                                   *
* * * * * * * * * * * * * * * * *
```

Leah VaSahnja Durant, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.
Meghan Murphy, United States Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

       On February 13, 2018, Willie Ivory Rance ("Petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program ("Vaccine Program")[2] alleging that he suffered a left shoulder injury related to vaccine administration ("SIRVA") as the result of an influenza ("flu") vaccination administered on September 9, 2013. Petition at 1 (ECF No. 1). On September 11, 2023, the undersigned issued a ruling finding Petitioner entitled to compensation. Ruling on Entitlement dated Sept. 11, 2023 (ECF No. 85). Thereafter, a decision awarding damages based on proffer issued on February 16, 2024. Decision Awarding Damages Based on Proffer dated Feb. 16, 2024 (ECF No. 99).

---

[1] Because this Decision contains a reasoned explanation for the action in this case, the undersigned is required to post it on the United States Court of Federal Claims' website and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] The Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-10 et seq. (hereinafter "Vaccine Act" or "the Act"). Hereafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On August 26, 2024, Petitioner filed an application for attorneys' fees and costs. Petitioner's Application for Attorneys' Fees and Costs ("Pet. App."), filed Aug. 26, 2024 (ECF No. 105).  Petitioner requests compensation in the amount of $113,593.87, representing $93,463.40 in attorneys' fees and $20,130.47 in costs.  Id. at 1.  Pursuant to General Order No. 9, Petitioner warrants that he has not personally incurred any costs in pursuit of his claim for compensation.  Id. at 1-2.  Respondent did not file a response.  The matter is now ripe for disposition.

For the reasons discussed below, the undersigned **GRANTS IN PART** Petitioner's motion and awards a total of $112,032.87.

I.      **DISCUSSION**

Under the Vaccine Act, the special master shall award reasonable attorneys' fees and costs for any petition that results in an award of compensation.  § 15(e)(1).  When compensation is not awarded, the special master "may" award reasonable attorneys' fees and costs "if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought."  Id.  In this case, because Petitioner was awarded compensation pursuant to a proffer, he is entitled to a final award of reasonable attorneys' fees and costs.  Respondent also has not advanced any argument that the claim lacked good faith or reasonable basis.  Accordingly, Petitioner is entitled to a final award of reasonable attorneys' fees and costs.

A.      **Reasonable Attorneys' Fees**

The Federal Circuit has approved use of the lodestar approach to determine reasonable attorney's fees and costs under the Vaccine Act.  Avera v. Sec'y of Health & Hum. Servs., 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Using the lodestar approach, a court first determines "an initial estimate of a reasonable attorney's fee by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-58 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)).  Then, the court may make an upward or downward departure from the initial calculation of the fee award based on other specific findings.  Id. at 1348.

Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service.  See Savin v. Sec'y of Health & Hum. Servs., 85 Fed. Cl. 313, 316-18 (2008).  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  Saxton v. Sec'y of Health & Hum. Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting Hensley v. Eckerhart, 461 U.S. 424, 434 (1983)).  It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  Id. at 1522.  Furthermore, the special master may reduce a fee request sua sponte, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond.  See Sabella v. Sec'y of Health & Hum. Servs., 86 Fed. Cl. 201, 209 (2009).

A special master need not engage in a line-by-line analysis of a petitioner's fee application when reducing fees. Broekelschen v. Sec'y of Health & Hum. Servs., 102 Fed. Cl. 719, 729 (2011). Special masters may rely on their experience with the Vaccine Program and its attorneys to determine the reasonable number of hours expended. Wasson v. Sec'y of Health & Hum. Servs., 24 Cl. Ct. 482, 484 (Fed. Cl. Nov. 19, 1991), rev'd on other grounds & aff'd in relevant part, 988 F.2d 131 (Fed. Cir. 1993). Just as "[t]rial courts routinely use their prior experience to reduce hourly rates and the number of hours clamed in attorney fee requests . . . [v]accine program special masters are also entitled to use their prior experience in reviewing fee application." Saxton, 3 F.3d at 1521.

### i. Reasonable Hourly Rates

Petitioner requests the following hourly rates for the work of his counsel: for Ms. Leah Durant, $350.00 per hour for work performed in 2016, $365.00 per hour for work performed in 2017, $377.00 per hour for work performed in 2018, $380.00 per hour for work performed in 2019, $395.00 per hour for work performed in 2020, $420.00 per hour for work performed in 2021, $441.00 per hour for work performed in 2022, $463.00 per hour for work performed in 2023, and $486.00 per hour for work performed in 2024; for Mr. Michael Milmoe, $484.00 per hour for work performed in 2020, $525.00 per hour for work performed in 2022, and $553.00 per hour for work performed in 2023; for Summer Abel, $260.00 per hour for work performed in 2020; for Richard Amada, $400.00 per hour for work performed in 2021, $420.00 per hour for work performed in 2022, and $463.00 per hour for work performed in 2024; for Christopher Williams, $376.00 per hour for work performed in 2024; and for Glenn MacLeod, $525.00 per hour for work performed in 2022 and $553.00 per hour for work performed in 2023. Petitioner also requests the following rates for work of their counsel's paralegals: $140.00 per hour for work performed in 2016, $145.00 per hour for work performed in 2017, $150.00 per hour for work performed in 2018, $160.00 per hour for work performed in 2020, $165.00 per hour for work performed in 2021, $173.00 per hour for work performed in 2022, $181.00 per hour for work performed in 2023, and $190.00 per hour for work performed in 2024. The undersigned finds the rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and finds them to be reasonable herein.

### ii. Reasonable Hours Expended

In reducing an award of fees, the goal is to achieve rough justice, and therefore a special master may take into account their overall sense of a case and may use estimates when reducing an award. See Florence v. Sec'y of Health & Hum. Servs., No. 15-255V, 2016 WL 6459592, at *5 (Fed. Cl. Spec. Mstr. Oct. 6, 2016) (citing Fox v. Vice, 563 U.S. 826, 838 (2011)). It is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable. Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989); Rodriguez v. Sec'y of Health & Hum. Servs., No. 06-559V, 2009 WL 2568468 (Fed. Cl. Spec. Mstr. July 27, 2009). Petitioner bears the burden of documenting the fees and costs claimed. Rodriguez, 2009 WL 2568468 at *8.

3

The undersigned has reviewed the submitted billing entries and finds the total number of hours billed to be reasonable. However, the undersigned finds reductions are necessary and reasonable.

First, the undersigned warns Petitioner's attorneys against billing for filing documents. Throughout litigation, Petitioner's attorneys consistently included filing documents in their billing entries.[3] All of these entries were from Petitioner's attorneys at their respective attorney rates. Additionally, most of these billing entries contained block billing, making it impossible to discern how much time was spent on noncompensable tasks. For example, Mr. Amada, on March 7, 2022, billed 4.50 hours ($1,890.00) for "Review File. Finalize and file Motion for Ruling on the Record." And on May 6, 2022, Mr. Amada billed 1.50 hours ($630.00) for "Review file. Finalize and file Petitioner's Reply to Respondent's Response to Petitioner's Motion for Ruling on the Record."

It is well known in the Vaccine Program that billing for some administrative tasks (e.g., filing), even at a paralegal rate, is not permitted. See, e.g., Rochester v. United States, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"). Additionally, "[i]t is well established that an application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine, from the application and the case file, whether the amount requested is reasonable." Mostovoy v. Sec'y of Health & Hum. Servs., No. 02-10V, 2016 WL 720969, at *6 (Fed. Cl. Spec. Mstr. Feb. 4, 2016) (citing Bell v. Sec'y of Health & Hum. Servs., 18 Cl. Ct. 751, 760 (1989)).

The undersigned will not deduct Petitioner's fees request due to filing because she finds the overall amount requested reasonable. However, counsel is warned against billing for filing documents in the future. The undersigned may deduct for this in the future.

Next, the undersigned finds reductions necessary and reasonable due to duplicative work. On March 7, 2022, Mr. Amada billed 0.2 hours ($84.00) for "Draft and file Exhibit List of Petitioner" and 0.5 hours ($210.00) for "Draft and file Exhibit List," for a total of $294.00. This

---

[3] These entries are dated June 29, 2018 ($75.40), January 7, 2019 ($76.00), February 7, 2019 ($114.00 and $76.00), June 24, 2019 ($190.00), April 20, 2020 ($79.00), May 19, 2020 ($79.00), June 22, 2020 ($79.00), July 23, 2020 ($79.00), July 30, 2020 ($79.00 and $79.00), September 30, 2020 ($79.00), November 2, 2020 ($79.00), November 9, 2020 ($79.00), December 1, 2020 ($79.00), January 1, 2021 ($84.00), August 2, 2021 ($126.00), October 15, 2021 ($80.00), December 29, 2021 ($120.00), February 3, 2022 ($84.00), March 7, 2022 ($84.00, $210.00, and $1,890.00), May 6, 2022 ($630.00), October 3, 2022 ($84.00), November 28, 2022 ($157.50), January 27, 2023 ($110.60 and $110.60), February 23, 2023 ($829.50), February 24, 2023 ($165.90 and $276.50), October 11, 2023 ($92.60), October 23, 2023 ($92.60), November 22, 2023 ($138.90), January 12, 2024 ($112.80), February 12, 2024 ($75.20), February 26, 2024 ($138.50), and February 27, 2024 ($92.60). In all, these entries total $7,107.20.

is duplicative. Petitioner did file an exhibit list twice on March 7, 2022, however, the exhibit lists were identical. The undersigned finds a 50% reduction, or $147.00,[4] reasonable.

Furthermore, Mr. Amada billed 1.5 hours ($630.00), also on March 7, 2022, for "Review Joint Pre-Hearing Submission[] filed by HHS;" however, this pre-hearing submission was less than two pages and Mr. Amada previously billed for coordinating with opposing counsel on the joint submission numerous times. Thus, the undersigned will deduct $630.00 for this billing entry because it is duplicative and excessive.

Lastly, on February 23, 2023, Petitioner filed an expert report, which Petitioner followed by a motion to strike because the incorrect notice of filing was included with this filing. Mr. MacLeod billed $829.50 on February 23 for work including "prepare evidence," "[d]raft and file Notice of Filing," and "[f]ile supplemental expert report." The following day, February 24, 2023, the expert report was refiled. And on February 24, Mr. MacLeod billed $276.50 for again "[d]raft and file Notice of Filing" and "[f]ile supplement expert report as Exhibit." Because the notice of filing was already drafted on February 23, the undersigned finds this second entry on February 24 duplicative and will deduct $276.50.

Overall, this results in a reduction of $1,053.50.[5]

### B.    Attorneys' Costs

Petitioner requests a total of $20,130.47 in attorneys' costs. This amount is comprised of acquiring medical records, FedEx costs, medical record review by Dr. Catherine Shaer, and for work performed by Petitioner's expert, Dr. Uma Srikumaran. The undersigned has reviewed the requested costs and finds them to be largely reasonable and supported with appropriate documentation. However, the undersigned finds reductions necessary.

First, the undersigned finds a reduction necessary for the medical review work completed by Dr. Shaer in September 2017. Dr. Shaer billed 3.88 hours for record review and 4.67 hours for her report, which totals 8.55 hours. However, she billed a total of 10.58 hours at a rate of $250.00 per hour. Due to this mathematical error, the undersigned finds a reduction of $507.50[6] appropriate.

Second, the undersigned finds a discussion of Dr. Srikumaran's rate of $1,000.00 per hour and total bill of $14,550.00 warranted.

In November 2023, Dr. Srikumaran was awarded a rate of $1,000.00 per hour by another special master. See Aycock v. Sec'y of Health & Hum. Servs., No. 19-235V, 2023 WL 8869423, at *9-10 (Fed. Cl. Spec. Mstr. Nov. 8, 2023). The special master ordered briefing from

---

[4] ($84.00 + $210.00) x 0.5 = $147.00.

[5] $147.00 + $630.00 + $276.50 = $1,053.50.

[6] (10.58 hours – 8.55 hours) x $250.00 = $507.50.

the parties regarding Dr. Srikumaran's rate, and additional evidence[7] was filed in Aycock to support the high hourly rate requested for work performed in 2020. Id. at *2-3, *5-7. The special master reasoned that "[e]ven though Dr. Srikumaran's hourly rate is higher than what has been paid to date to other experts in the Vaccine Program, he produced a persuasive expert report with supporting medical literature in 4.25 hours, resulting in an overall reasonable fee." Id. at *10. The analysis in Aycock has been accepted by other special masters. See, e.g., Jensen v. Sec'y of Health & Hum. Servs., No. 18-1458V, 2024 WL 1056145, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2024) (finding Aycock "well-reasoned" and awarding the requested rate of $1,000.00 per hour for work performed in 2020 and 2021); Garcia v. Sec'y of Health & Hum. Servs., No. 18-438V, 2024 WL 1069904, at *3 (Fed. Cl. Spec. Mstr. Jan. 17, 2024) (same); Herron v. Sec'y of Health & Hum. Servs., No. 19-240V, 2024 WL 3042789, at *4 (Fed. Cl. Spec. Mstr. May 24, 2024) (awarding the requested rate of $1,000.00 per hour for work performed in 2021 based on "other decisions awarding his rate, as well as by the evidence submitted in this case").

Overall, decisions determining the reasonableness of Dr. Srikumaran's rate have been predicated on his efficiency and the degree to which his opinion was valuable in resolving the case at issue. See Aycock, 2023 WL 8869423, at *10; Jensen, 2024 WL 1056145, at *2 (finding Dr. Srikumaran "a leading expert in SIRVA" and his work "reasonably compensated at the requested rate"); Garcia, 2024 WL 1069904, at *3 (same); Herron, 2024 WL 3042789, at *4 (awarding the requested rate because "Dr. Srikumaran is routinely expeditious in time management and a well credentialed expert in his field"); Doe v. Sec'y of Health & Hum. Servs., No. 20-94V, 2024 WL 3344664, at *5 (Fed. Cl. Spec. Mstr. June 12, 2024) ("[G]iven Dr. Srikumaran's credentials and the total number of hours spent on this case, Dr. Srikumaran's total bill is reasonable; thus I grant costs associated with Dr. Srikumaran in full.").

Special masters have declined to endorse Dr. Srikumaran's $1,000.00 hourly rate proactively for all cases, but have nonetheless found that the overall amount sought may be reasonable under the given circumstances. See, e.g., Durham v. Sec'y of Health & Hum. Servs., No. 17-1899V, 2024 WL 4369198, at *2-3 (Fed. Cl. Spec. Mstr. Sept. 6, 2024) (agreeing Dr. Srikumaran's $1,000.00 rate "will be appropriate in at least some cases" but "warrants scrutiny based on . . . the actual work performed in the case," and finding a reduction necessary because his expert reports "did not demonstrate either the efficiency or effectiveness that he has displayed in other cases" and did not match work seen by "a top tier expert"); Elmakky v. Sec'y of Health & Hum. Servs., No. 17-2032V, 2024 WL 3160506, at *4 (Fed. Cl. Spec. Mstr. May 22, 2024) (declining to endorse a rate of $1,000.00 but noting the overall cost of $6,050.00 was reasonable given that Dr. Srikumaran's report was "invaluable when reaching an appropriate resolution"); Sage v. Sec'y of Health & Hum. Servs., No. 21-203V, 2024 WL 3967032, at *2, *2 n.4 (Fed. Cl. Spec. Mstr. July 31, 2024) (declining to endorse a rate of $1,000.00 but noting the overall cost of $6,700.00 was reasonable); Grossmann v. Sec'y of Health & Hum. Servs., No. 18-13V, 2024 WL 706874, at *2 (Fed. Cl. Spec. Mstr. Jan. 26, 2024) (reducing redundant hours billed by Dr. Srikumaran and finding that the "overall reduced amount is reasonable given the expert's qualifications, the effectiveness of the ultimate work product in resolving this case, and the efficiency with which the reports were produced").

---

[7] This evidence was not filed in this matter.

Prior to <u>Aycock</u>, Dr. Srikumaran was awarded a rate of $500.00 per hour for work performed in 2020.  <u>See</u> <u>Langer v. Sec'y of Health & Hum. Servs.</u>, No. 17-984V, 2022 WL 729931, at *2, *2 n.3 (Fed. Cl. Spec. Mstr. Feb. 4, 2022) (finding the amount requested for Dr. Srikumaran at a reduced hourly rate of $500.00 reasonable).  This rate is consistent with what other orthopedic surgeons have been awarded in the program.  <u>See, e.g.</u>, <u>Galante v. Sec'y of Health & Hum. Servs.</u>, No. 18-1933V, 2024 WL 4043996, at *2 (Fed. Cl. Spec. Mstr. Apr. 23, 2024) (awarding a rate of $550.00 per hour to orthopedic surgeon); <u>Martinez v. Sec'y of Health & Hum. Servs.</u>, No. 18-1352V, 2022 WL 4693287, at *3 (Fed. Cl. Spec. Mstr. Sept. 8, 2022) (same); <u>Patel v. Sec'y of Health & Hum. Servs.</u>, No. 20-903V, 2023 WL 9503427, at *2 (Fed. Cl. Spec. Mstr. Dec. 1, 2023) (awarding a rate of $500.00 per hour to orthopedic surgeon); <u>Koropatny v. Sec'y of Health & Hum. Servs.</u>, No. 17-1240V, 2022 WL 4517878, at *3 (Fed. Cl. Spec. Mstr. Aug. 31, 2022) (same); <u>Quantie v. Sec'y of Health & Hum. Servs.</u>, No. 18-610V, 2022 WL 1412459, at *4 (Fed. Cl. Spec. Mstr. Mar. 28, 2022) (same); <u>Ellingsen v. Sec'y of Health & Hum. Servs.</u>, No. 18-421V, 2021 WL 1093939, at *2 (Fed. Cl. Spec. Mstr. Feb. 11, 2021) (same).

Here, Dr. Srikumaran provided expert reports in this case in November 2020 and February 2023.  For the first report, Dr. Srikumaran billed 10.25 hours at a rate of $1,000.00 per hour, for a total of $10,250.00.  All of the work related to the first report was conducted in November 2020.  For the second report, Dr. Srikumaran billed 4.3 hours at a rate of $1,000.00 per hour, for a total of $4,300.00.  The work related to the second report was conducted from December 2022 to February 2023.  The total bill is $14,550.00.

The undersigned finds Dr. Srikumaran's total bill of $14,550.00 reasonable under the circumstances and will award it in full.  However, in making this finding, the undersigned does not endorse a rate of $1,000.00 for Dr. Srikumaran.  <u>See, e.g.</u>, <u>Elmakky</u>, 2024 WL 3160506, at *4 (declining to endorse a rate of $1,000.00 but finding the overall cost reasonable); <u>Sage</u>, 2024 WL 3967032, at *2, *2 n.4 (same).

## II.   CONCLUSION

Based on all of the above, the undersigned finds that it is reasonable to compensate Petitioner and his counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $93,463.40 |
| (Total Reduction from Billing Hours) | -$1,053.50 |
| **Total Attorneys' Fees Awarded** | **$92,409.90** |
| | |
| Attorneys' Costs Requested | $20,130.47 |
| (Reduction of Costs) | -$507.50 |
| **Total Attorneys' Costs Awarded** | **$19,622.97** |
| | |
| **Total Attorneys' Fees and Costs Awarded** | **$112,032.87** |

**Accordingly, the undersigned awards $112,032.87 in attorneys' fees and costs, in the form of a check payable jointly to Petitioner and Petitioner's counsel, Ms. Leah Durant.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with this Decision.[8]

**IT IS SO ORDERED.**

<u>**s/Nora Beth Dorsey**</u>
Nora Beth Dorsey
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.